IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**QBE SEGUROS**,

    Plaintiff,

    v.

**CARLOS MORALES-VAZQUEZ**,

    Defendant.

Civil No. 15-2091 (BJM)

## OPINION AND ORDER

QBE Seguros ("QBE") brought this action under the court's admiralty jurisdiction against Carlos Morales-Vazquez ("Morales"), seeking a declaratory judgment voiding Morales's marine insurance policy. Docket No. 14 ("Am. Compl."). Morales counterclaimed and moved to dismiss the amended complaint, arguing that QBE improperly obtained his statements during an examination under oath ("EUO") because that examination did not abide by Federal Rule of Civil Procedure 27. Docket No. 35. QBE opposed. Docket No. 37. The case is before me on consent of the parties. Docket No. 47.

For the reasons set forth below, the motion to dismiss is **DENIED**.

## BACKGROUND

QBE is a Puerto Rico corporation authorized by the Puerto Rico Insurance Commissioner's Office to sell ocean marine insurance. Am. Compl. ¶ 4. In March 2014, Morales applied to have QBE insure his 48' yacht. *Id.* ¶¶ 6, 7. The application form states that the "answers provided [in the application] are warranted by [the applicant] to be true and correct." *Id.* ¶ 26. Based on the information contained in the application, QBE issued a marine insurance policy that ran from March 2014 to March 2015. *Id.* ¶¶ 6–9. The marine insurance policy states that the "information provided in the Application is warranted by [the insured] to be true and correct in all respects." *Id.* ¶ 25. The policy adds that it "shall be void and without effect" if the insured made a false statement or representation with

respect to the insurance, or concealed or misrepresented any material fact or circumstance relating to the insurance. *Id.* ¶ 25.

In October 2014, the 48' yacht sustained damage as a result of a fire. *Id.* ¶¶ 10–12. Morales informed QBE of the damage, and QBE immediately began investigating the claim. *Id.* Morales's insurance policy provides that in the event of any loss covered by the policy, he must cooperate with QBE in the investigation, defense, or settlement of any loss, as well as "agree to be examined under oath if" QBE so requests. Docket No. 14-1 at 15 ¶ 3. Another clause in the policy similarly provides that Morales must "[s]ubmit to an Examination Under Oath if" QBE so requests. *Id.* at 15 ¶ 9. And the policy cautions that failure to submit to the examination under oath "will result in the denial of" the insurance claim. *Id.* After Morales reported the loss of the 48' yacht, QBE asked Morales to participate in an examination under oath that took place in August 2015. Am. Compl. ¶ 17. During the EUO, Morales allegedly made statements which indicated that he had not been completely forthcoming in the application to insure his 48' yacht. *Id.* ¶¶ 17–23.

**DISCUSSION**

Morales complains that the examination under oath did not comply with the requirements for taking a deposition pursuant to Federal Rule of Civil Procedure 27, that any statements obtained during the EUO should thus be stricken from the amended complaint, and that, without those alleged statements, the amended complaint fails to state a claim. Docket No. 35. QBE counters that Morales's argument flows from a defective premise because an examination under oath need not comply with the Federal Rules of Civil Procedure. Docket No. 37.

Federal Rule of Civil Procedure 27 is meant "to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943). A district court may authorize a deposition under this Rule "where: (1) the anticipated action is within federal jurisdiction;

Case 3:15-cv-02091-BJM   Document 111   Filed 02/27/17   Page 3 of 5

QBE Seguros v. Morales-Vazquez, Civil No. 15-2091 (BJM)                                                    3

(2) the petitioner is presently unable to bring or cause to be brought the underlying action; and (3) there is a reason or need to perpetuate the testimony sought." *Petition of State of N.C.*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975). The aim of an examination under oath, on the other hand, is not the same—the "purpose of an examination under oath is to obtain information as part of the insurer's investigation of the insured's claim rather than for litigation." *Zavakos Enterprises, Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:04-CV-381, 2006 WL 83502, at *6 (S.D. Ohio Jan. 12, 2006); *Sarkisyants v. State Farm Mut. Auto. Ins. Co.*, No. C 04-03299 JSW, 2005 WL 3097735, at *3 (N.D. Cal. Nov. 14, 2005) (same), *aff'd*, 256 F. App'x 52 (9th Cir. 2007).

The source of the right to an examination under oath, as well as the procedures that govern such an examination, are also distinct. As the Eleventh Circuit explained, "the right to obtain sworn statements" during an examination under oath "arises from the policy provisions," and the right is thus "contractual in nature." *United States Fid. & Guar. Co. v. Welch*, 854 F.2d 459, 461 & 461 n.1 (11th Cir. 1988) ("the District Court did not ignore" the "distinction" between a deposition and an examination under oath). For this reason, the right to conduct such an examination "is not to be confused with procedures authorized by statute for taking depositions." *Id.*; *see also Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-GOODMAN, 2010 WL 4123989, at *2 (S.D. Fla. Oct. 20, 2010) ("*generally* an examination under oath is not the same as a deposition," and "during an examination the examinee may lack certain 'safeguards' available to deponents (e.g., the formal applicability of the Federal Rules of Civil Procedure)"); Thomas J. Schoenbaum, 2 *Admiralty & Mar. Law* § 19-20 (5th ed.) ("in marine insurance as well as in other categories of insurance," all "conditions precedent to coverage and payment should be met," including an "examination under oath of the insured," if the policy so provides).

*National Athletic Sportswear, Inc. v. Westfield Insurance Co.*, 528 F.3d 508 (7th Cir. 2008), aptly illustrates that the Federal Rules of Civil Procedure do not apply to an examination under oath permitted by an insurance contract. In that case, the insurance

contract expressly permitted an examination under oath of the insured. *Id.* at 513. After the insured submitted a claim, the insurance company asked plaintiff's employee to participate in an examination under oath. *Id.* at 514. That examination "lasted about seven or eight hours," and the insured refused to allow further examinations under oath. *Id.* at 521. In contending that it was unreasonable to ask the insured to submit to an additional EUO, the insured relied upon "the Federal Rules of Civil Procedure." *Id.* The district court—and the Seventh Circuit—held that "the Federal Rules of Civil Procedure are not authoritative or dispositive regarding the contractual obligations at issue here." *Id.* Instead, the contractual provisions governed the examination under oath, and the "Federal Rules in this context are at best only persuasive or analogous." *Id.*; *see also Zavakos Enterprises*, 2006 WL 83502, at *6 (the "procedures" governing the EUO "are . . . different particularly because an examination under oath is not subject to the rules of procedure or evidence").

In this case, it is uncontested that Morales's marine insurance policy has at least two unambiguous clauses that require him to submit to an examination under oath. Accordingly, QBE had a right—arising under the marine insurance contract—to ask Morales that he participate in the August 2015 EUO. Morales now complains that this examination should have complied with the Federal Rules of Civil Procedure. But as in *National Athletic Sportswear*, where the Seventh Circuit rejected the insured's argument that the Federal Rules of Civil Procedure mandated the procedures governing the EUO, Morales's argument that QBE had to abide by Federal Rule of Civil Procedure 27 prior to conducting the EUO is similarly misplaced. *See National Athletic Sportswear*, 528 F.3d at 521; *see also Shelter Ins. Cos. v. Spence*, 656 S.W.2d 36, 38 (Tenn. Ct. App. 1983) ("the taking of a statement under the cooperation clause in an insurance policy does not rise to the dignity of taking a deposition under" Tennessee Rule of Civil Procedure 27—a state analog to Federal Rule of Civil Procedure 27). Thus, because Morales's argument lacks merit, and because this court has previously determined that the amended complaint states a plausible claim for relief, the motion to dismiss is denied. *See* Docket No. 80.

## CONCLUSION

For the foregoing reasons, Morales's motion to dismiss is **DENIED**. The parties are strongly encouraged to continue exploring the possibility of settlement.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge