IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**QBE SEGUROS**,
    Plaintiff,

v.

**CARLOS A. MORALES-VÁZQUEZ**,
    Defendant.

Civil No. 15–2091 (BJM)

## ORDER

QBE Seguros ("QBE") brought this action under the court's admiralty jurisdiction against Carlos Morales-Vázquez ("Morales"), seeking a judgment declaring that Morales's marine insurance policy is void *ab initio*, either under the terms of the policy or the doctrine of *uberrimae fidei*; that Morales breached the "warranty of truthfulness" in the application for the insurance policy, thereby excusing QBE from making any payments to Morales on the policy; or that the policy does not cover all of Morales's claimed losses. Docket No. 14 ("Compl."). Morales counterclaimed, alleging breach of contract and entitlement to consequential damages. Docket No. 15. Morales moved for summary judgment on QBE's claims, Docket Nos. 83, 84, and QBE opposed. Docket Nos. 104, 105. QBE moved for summary judgment only on its breach of warranty claim, Docket Nos. 70, 71, 72, 91, 92, and Morales opposed. Docket Nos. 78, 79, 99. Finding that genuine issues of material fact remained, I denied summary judgment to both parties. Docket No. 134. QBE filed a motion for reconsideration of my denial of summary judgment to QBE, Docket No. 137, which I denied. Docket No. 143. Morales also sought reconsideration of my order denying summary judgment in his favor, Docket No. 138, and QBE responded in opposition. Docket No. 145. The case is before me on consent of the parties. Docket No. 47.

For the reasons set forth below, Morales's motion for reconsideration is **DENIED**.

## DISCUSSION

Morales seeks reconsideration of my order denying summary judgment in his favor on three separate grounds. Docket No. 138. Morales argues that I committed a manifest error of law in denying summary judgment for Morales because 1) Angel Cruz-Rodríguez ("Cruz") was QBE's

agent and therefore his knowledge of Morales's history was imputed to QBE; 2) QBE waived its claims based on Morales's alleged fraud by failing to raise them during its initial investigation and adjustment; and 3) the denial of his unfair practices claim was only because he was held to an incorrect and impossible standard of proof.[1] *Id*.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly. . . . To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citations and quotations omitted). Notably, merely regurgitating past arguments is not sufficient to merit reconsideration. *See United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are not to be used as a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." (internal quotations omitted)); *Palmer*, 465 F.3d at 30 (denying motion for reconsideration where "plaintiff's motion for reconsideration did no more than reiterate the arguments she earlier had advanced"). Moreover, "[t]he movant must demonstrate more than merely an error in reasoning." *United States ex rel. Williams v. City of Brockton*, No. 12-CV-12193, 2016 WL 7428187, at *1 (D. Mass. Dec. 23, 2016); *see Estate of Rivera v. Doctor Susoni Hosp., Inc.*, 323 F. Supp. 2d 262, 265 (D.P.R. 2004) ("[A motion for reconsideration] will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by court.").

First, Morales reiterates his argument from his motion for summary judgment that Cruz is unequivocally QBE's agent. Docket No. 138 at 2–4. Morales offers no new binding case law or new evidence that would change my previous analysis. Morales provides several facts that go to show that Cruz is QBE's agent—including Cruz's deposition testimony and his license as an authorized representative—but QBE also presents several facts that go to show that Cruz was not

---

[1] This case's background was set forth in the November 2017 order on the opposing motions for summary judgment, and familiarity with that background is assumed. Docket No. 138 at 3–5, 14.

QBE's agent and was in fact Morales's broker. *Id*. at 3; Docket No. 145 at 7. Morales points to Puerto Rico law that states that a licensed authorized representative may not also act as a broker to prove that Cruz, by law, could not be a broker. Docket No. 138 at 3–4. Simultaneously, though, Morales argues that the court should ignore another Puerto Rico law that states that an agency relationship with an insurance company must be created by contract because although QBE and Cruz had no such contract, QBE admitted in its depositions that it regularly does not follow that practice. *Id*. at 4. However, the deposition testimony does not support Morales's interpretation, and it is not clear that QBE admitted it commonly does not sign contracts with its agents. Docket No. 84-15 at 40–44. In the case at hand, there are Puerto Rico laws that suggest that Cruz both is and is not QBE's agent as well as facts that point to the same. Therefore, summary judgment remains inappropriate.

Second, Morales argues that the Puerto Rico Supreme Court's decision in *Carpets & Rugs Warehouses v. Tropical Reps & Distributors*, 175 D.P.R. 615 (2009) dictates that QBE waived its claims that Morales committed fraud by failing to raise them during its adjustment prior to litigation. Docket No. 138 at 6–7. I previously did not address this argument because Morales had failed to provide a certified translation of the case, but Morales has now done so. *See* Docket No. 138-2. In the Supreme Court case, *Carpets & Rugs Warehouses*, the insured brought a complaint against the insurance company for failing to pay the entire policy on a building that had burned down. Docket No. 138-2 at 1–3. At the summary judgment stage, the insurance company argued for the first time that the insured had committed fraud that voided the policy because the insured's building was "a two-story mixed construction of concrete and galvanized steel" rather than a "single-story concrete construction" as the insured had described when originally seeking the insurance. *Id*. at 13. The Court explained that under Puerto Rico law, an insurance company is required to conduct a diligent investigation before making an offer of payment or adjustment, which must "include[e] 1) determining whether the damage event occurred during the validity of the policy; 2) determining whether the insured claimant had an insurable interest; 3) determining whether the damaged property is the property described in the declarations; 4) confirming whether

the losses claimed are not subject to risk exclusions; and 5) investigating whether the damage was caused by third-party negligence, so that the insurer may be subrogated in the right to compensation of the insured." *Id*. at 9 (internal quotations omitted). Moreover, "an insurer is not permitted to retract the adjustment that it is under obligation to submit to the insured, except in cases of fraud on the part of the claimant or other extraordinary circumstances which the insurer had been unable to discover in spite of a diligent investigation." *Id*. at 10. The *Carpets & Rugs Warehouses* Court concluded that the insurance company had waived its arguments of fraud because it did not raise them during its investigation, and a diligent investigation should have brought to light that the damaged property was not as described in the initial insurance application. *Id*. at 14.

Morales now argues that QBE similarly should have discovered his fraud during the initial investigation period and has now waived its arguments by failing to raise them before making its initial offer. Docket No. 138 at 6–7. QBE responds that Morales's fraud of failing to report his past boating accidents and past boat ownership does not qualify as the type of fraud that the Court said insurers should be able to discover through a diligent investigation. Considering the five areas that the Court said insurers must investigate, none relate to Morales's alleged fraud: QBE is not claiming that Morales committed fraud regarding the damage event, his ownership of or insurable interest in the yacht, the description of the yacht, how the loss came about, or any third-party ownership. Morales's requested expansion of the Puerto Rico Supreme Court's holding to instances when an insured hides his personal history is far from a logical or natural application as the Court's requirements all focus on the insured object, how it was damaged, and the insured's relationship with object, not on the insured person himself. While it is reasonable to place the burden of discovery of fraud on the shoulders of the insured in some cases, the Puerto Rico Supreme Court's holding in *Carpets & Rugs Warehouses* does not dictate that this is such a case. I also conducted my own research and was unable to find any cases where the Puerto Rico courts have since interpreted *Carpets & Rugs Warehouses* to have a broad enough holding that it could address the facts at hand.

While QBE will need to show that they conducted a diligent investigation that was unable to uncover Morales's fraud before they may retract their adjustment, Morales has not proven that there are no genuine issues of material fact as to whether QBE conducted its investigation in a diligent way.

Finally, Morales argues that he should not have to prove that QBE did not keep adequate records to merit summary judgment on his claim that QBE committed unfair practices under the Puerto Rico Insurance Code. Docket No. 138 at 7–8. However, none of the cases cited by Morales come close to undermining the basic principle of summary judgment that the movant must prove that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As Morales failed to do so, I will not grant summary judgment on that claim.

## CONCLUSION

For the foregoing reasons, Morales's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of June 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge