IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**QBE SEGUROS**,
    Plaintiff,

v.

**CARLOS A. MORALES-VÁZQUEZ**,
    Defendant.

Civil No. 15-2091 (BJM)

## ORDER

QBE Seguros ("QBE") brought this action under the court's admiralty jurisdiction against Carlos Morales-Vázquez ("Morales"), seeking a judgment declaring that Morales's marine insurance policy is void *ab initio*, either under the terms of the policy or the doctrine of *uberrimae fidei*; that Morales breached the "warranty of truthfulness" in the application for the insurance policy, thereby excusing QBE from making any payments to Morales on the policy; or that the policy does not cover all of Morales's claimed losses. Docket No. 14. Morales counterclaimed, alleging breach of contract and entitlement to consequential damages. Docket No. 15. The case is before me on consent of the parties. Docket No. 47. Before the court is QBE's motions in limine to exclude two of Morales's experts pursuant to Rule 702 of the Federal Rules of Evidence. Docket Nos. 166, 167. Morales opposed the exclusion of Orlando Colón and conceded the exclusion of Captain Trip Vawter Félix. Docket No. 170.

For the reasons that follow, QBE's motions are **GRANTED IN PART** and **DENIED IN PART**.

## DISCUSSION

QBE moves to exclude experts Orlando Colón and Captain Trip Vawter Félix on multiple grounds: Morales failed to identify Colón as an expert witness; Colón did not submit an expert report; and Vawter's testimony would be unreliable regarding the "extent, nature and costs of repair of any damages suffered by the vessel's electrical systems" and the estimated cost of repair for anything other than "the vessel's engines and generators." Docket Nos. 166 at 1–2; 167 at 1–2. In Morales's opposition to QBE's motion in limine against Colón, he argues that Colón is a percipient

fact witness and therefore does not need to be designated as an expert witness or submit an expert report. Docket No. 170 at 2.

District court judges act as gatekeepers in ensuring that all expert testimony admitted at trial is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (extending *Daubert* to all expert testimony). Rule 702 codified *Daubert* and progeny, and provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Federal Rule of Civil Procedure 26, any witness who testifies under Rule 702 of the Federal Rules of Evidence must submit a written report. However, "[t]he requirement of a written report . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony." *Gonzalez v. Exec. Airlines, Inc.*, 236 F.R.D. 73, 76 (D.P.R. 2006) (quoting Fed. R. Civ. P. 26(a)(2) Advisory Committee's note to the 1993 amendments). There is no evidence that Colón was regularly employed by Morales, so the critical question in determining whether he qualifies as an expert witness is whether he was "retained or specially employed" by Morales to provide testimony in this case. "In order to give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011).

Here, Morales argues that he did not hire Colón for the sake of litigation but rather to inspect the fire damage on the vessel as part of the insurance adjustment. Docket No. 170 at 4. QBE's surveyor, Edgardo Jimenez, explained in his deposition that he is friends with Colón and

uses Colón as a resource. Docket No. 170-1 at 4–5. On May 7, 2015, Jimenez mentioned to Morales that he should hire Colón because Colón had already cleaned the engine room of the vessel, and Jimenez and Colón had discussed the wiring repairs. *Id*. at 2–3. After Morales hired Colón "to inspect the yacht and determine the cause of the fire and extent of damages," Colón discussed his findings and estimate with Jimenez, including what he believed caused the fire, the repair procedure, and the design of the repairs. Docket No. 166-1 at 1; Docket No. 170-1 at 3–5.

It is undisputed that Morales hired Colón to inspect the vessel. *See* Docket No. 160-1 at 1; Docket No. 166 (QBE emphasizes in its motion that Colón was retained by Morales as a professional engineer to inspect the yacht and assess damages). QBE argues that this fact dictates the conclusion that Colón was specially employed to provide testimony in this case, but the First Circuit's case law provides no support for such an argument. In *Downey*, the court found that the plaintiff's pest inspector qualified as a percipient fact witness, not an expert witness. 633 F.3d at 8. The court explained that the inspector "was called to the plaintiff's home to inspect and treat the infestation. On the day after his initial inspection, he prepared and transmitted a report to the defendant in hopes of convincing the defendant to accept responsibility and defray the costs of extermination (treatment)." *Id*. Similarly to the pest inspector in Downey, Morales hired Colón to inspect the damage to the vessel. Colón spoke with QBE's surveyor after his inspection about what repairs he thought were necessary and how much it would cost, presumably with the goal of convincing QBE to pay for those repairs.

From the above facts, the *Downey* court found that the inspector had formed his opinion about the causation of the infestation "based on his personal knowledge and information gleaned in the course of his initial inspection and related efforts to remediate the problem." *Downey*, 633 F.3d at 8. The court concluded that where "the expert is part of the ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert" but rather that of a percipient fact witness who need not submit an expert report. *Id*. at 7. Colón's assessment of the damages to the vessel and the cost of repairing those damages is based on his experience inspecting the vessel for QBE's adjustment process.

Therefore, insofar as Colón's testimony is "based on facts, opinions, and knowledge known to [him] prior to the denial of [Morales]'s insurance claim," it is not testimony generated for the purposes of trial. *Kiley v. Metro. Prop. & Cas. Ins. Co.*, 159 F. Supp. 3d 135, 140 (D. Mass. 2016) (two engineers contracted by the insurance company to inspect an insurance claim were not expert witnesses but rather "professionals who have acquired or developed facts based on their own observations which Metropolitan used to determine whether to deny Kiley's claim").

Colón may testify to his opinions as informed by his initial pre-litigation inspection of the vessel without qualifying as an expert witness such that he must submit a written report. It is irrelevant that Colón may separately be an expert in his field. *See Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir.2003) (expert testimony "does not encompass a percipient witness who happens to be an expert"); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 (RMW), 2009 WL 230039, at *10 (N.D. Cal. Jan. 27, 2009), aff'd, 645 F.3d 1336 (Fed. Cir. 2011) ("[W]hile a treating physician's observations all derive from specialized knowledge, his testimony is not expert testimony. In the same vein, the court does not believe it is 'expert' testimony for . . . a scientist to explain what he knew at a certain point in time." (internal quotations omitted)). It is also irrelevant that Morales listed Colón as an "expert witness" in a filing to QBE. *See* Docket No. 166-2 at 1; *Downey*, 633 F.3d at 7–8 (plaintiff's initial designation of pest inspector as "both a fact witness and an expert" was inconsequential after plaintiff clarified that the inspector was a percipient fact witness).

Therefore, QBE's motion in limine against Colón is **DENIED**. Of course, QBE may challenge Colón's testimony if it is not "closely constrained to the facts" that he garnered through his original inspection or the "opinion [he] formed and relied on during the course of" his inspection. *Gonzalez*, 236 F.R.D. at 78.

Morales does not oppose QBE's motion in limine against Vawter. Because QBE's motion in limine against Vawter is unopposed, it is **GRANTED**.

## CONCLUSION

For the foregoing reasons, QBE's motion to exclude Colón as Morales's witness is **DENIED**, and QBE's motion to exclude Vawter's testimony is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of June, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge